[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR VISITATION (NO. 115)
The marriage of the parties was dissolved by this court on July 31, 1991 (Ballen, J.). At that time, the parties agreed to joint legal custody of their two children, Lindsay S. Bisson and Robert T. Bisson, now twelve and eight years of age respectively, with sole physical custody to the defendant-mother. The plaintiff-father was granted liberal and flexible visitation. This agreement was incorporated into the judgment as an order of the court pursuant to § 46b-66 of the General Statutes. Since the original decree was entered, there have been many disputes on the issue of visitation, and the father now petitions the court to establish a visitation schedule.
By way of background, on December 10, 1992 the court appointed Attorney Patricia Reath as counsel for the minor CT Page 7531 children. She has filed a report dated June 21, 1994 with the court recommending a visitation schedule. Both of the parties have submitted visitation plans for the court to consider.
On November 13, 1992, the court (Karazin, J.) ordered a full custody study which was completed by Ms. Beth Walsh, a family relations counselor, on September 27, 1993. At the hearing on this motion, she recommended that physical custody remain with the mother and that the visitation schedule include alternate weekends and holidays and that they share school and summer vacations equally. Because her report was a full custody study and was completed more than nine months ago, the court did not enter it as a full exhibit but did allow the family relations counselor to testify and be cross-examined on her recommendations for visitation.
In considering a schedule for visitation, the court shall be guided by the best interests of the children pursuant to § 46b-56(a) of the General Statutes. The court has considered the three visitation schedules in evidence as well as the testimony and other evidence presented. After meeting with the children, counsel for the children advised the court that the children loved both parents and that the visitation schedule should be equally fair to both of them. The court has relied on and given substantial consideration to Attorney Reath's recommendations.
The court finds the following visitation schedule to be in the best interests of Lindsay S. Bisson and Robert T. Bisson.
1. The father shall have weekly visitation on either Tuesday or Thursday evenings between 5:30 p. m. and 8:00 p. m.
2. The father shall be permitted to visitation every other weekend from 7:00 p. m. on Friday to 8:00 p. m. on Sunday.
3. The mother and father shall alternate the Thanksgiving holiday, which shall commence at 5:00 p. m. on Wednesday and end on Sunday at 8:00 p. m., beginning with the father in 1994. This holiday weekend shall take precedence over the existing alternate weekend and weekly visitation schedule.
4. OTHER HOLIDAYS
 a. The mother and father shall alternate each year the following holidays: Martin Luther King Day, Presidents CT Page 7532 Day, Easter, Memorial Day, Independence Day, Labor Day and Columbus Day. Beginning with Labor Day and Columbus Day, 1994, the children will be with the mother; Martin Luther King Day, 1995 will be with the father, Presidents Day with the mother, Easter with the father and alternately thereafter with the father having visitation on Labor Day and Columbus Day, 1995, etc. b. Christmas Eve — the father shall be entitled to visitation on December 24, 1994 94 beginning at 3:00 p. m. to December 25, 1994 at 10:00 a.m.
 c. Christmas Day through New Years Day — the children shall be with the mother from December 25, 1994 at 10:00 a.m. through New Years Day (January 1, 1995) at 8:00 p. m.
 d. The mother and father shall alternate this Christmas Eve, Christmas Day through New Years Day schedule beginning January 1, 1994.
 e. This holiday schedule shall take precedence over the alternate weekend or weekday visitation schedule.
5. The father and mother shall alternate visiting during the children's spring vacation beginning the evening school recesses through Sunday at 8:00 p. m. starting with the father in 1995.
6. For the remainder of the 1994 summer recess, the father shall be entitled to three weeks vacation with the children. He must give the mother seven days advance notice of the requested vacation dates to the mother and advise her of the place and telephone number where the children can be reached. Beginning with 1995, the father shall be entitled to four consecutive weeks vacation during the children's summer school recess. This vacation time shall not be in addition to his alternate weekend visitation. The father shall give the mother at least 30 days notice, by certified mail, return receipt requested, as to the vacation dates, and the place and telephone number where the children may be reached during the vacation.
 If the mother takes the children on vacation during the remainder of the 1994 summer recess, she must notify the father immediately of such plans and the place and telephone number where the children may be reached. Beginning with CT Page 7533 1995, the mother shall be entitled to seven consecutive, uninterrupted vacation days, regardless of the alternate weekend schedule, to take the children on vacation. She shall give the father thirty days' notice by certified mail, return receipt requested, as to her vacation plans.
 At all times, the parents shall make every effort to avoid conflicting time schedules and shall cooperate with each other in formulating vacation plans.
7. The children shall be entitled to fly without being accompanied by either parent in order to be on vacation with either the mother or the father.
8. The stepmother may pick up and deliver the children for visitation and care for them while the father is at work.
9. The court order that the father participate in parenting education shall be complied with within the next two months.
ROMEO G. PETRONI, JUDGE